

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LOVELL, LOVELL, NEWSOM & ISERN, L.L.P., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:15-CV-0034-J |
| JULIAN LEE BIVINS, II, | § § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION ON SANCTIONS

Defendant has been previously sanctioned by an assessment of costs for attorney's fees. (Dkt. 166). On April 28, 2016, two of defendant's experts were excluded primarily for some of the same reasons the Court found defendant not to be in compliance with the April 5, 2016 Court Order. (Dkt. 229). That is, defendant failed to produce sufficient reliable evidence and failed to produce a sufficient privilege log establishing that the two experts (Messrs. Pruitt and Denman) had produced all of the documents which the Court had found to be discoverable.[1]

As set out in the Order on Defendant's Level of Compliance, the discovery which has not been produced as required by the April 5, 2016 Order relates to plaintiff's claims of concealment of secured assets and its claims of a security interest in those assets. It does not appear to relate to the cause of action for breach of contract for failing to pay plaintiff the professional fees it

---

[1] That Order has been objected to and is now before the United States District Judge on appeal.

contends are due. The undersigned does not recommend entry of default judgment as the sanction to be imposed and finds there may be lesser sanctions available.

First, it is recommended that defendant pay to plaintiff's counsel, within such time as the District Judge may direct, the sum of $35,925.00 representing the amount of fees plaintiff's counsel testified were incurred in litigating this issue, with a 20% increase. (Testimony of Mr. Tom Riney).

Second, it is recommended the Court consider allowing plaintiff to submit evidence or in the alternative consider whether the jury should be instructed that any deficiency in plaintiff's forensic accountant's ability to fully or adequately trace defendant's assets was due to non-production of documents from defendant. This sanction would be dependent upon the accountant's testimony and the evidence at trial. It is difficult to set out exactly what the appropriate sanction might be until the actual trial of the case at which time the trial judge would be in a position to decide whether plaintiff's forensic accountant's testimony was incomplete and if so, determine the appropriateness of such relief.

Third, plaintiff has requested a monetary sanction of $250,000.00 arguing any lesser sanction would be insufficient because of defendant's wealth. The defendant's non-production and non-compliance with discovery orders at worst, is purposeful and intentional. At best, it is a mediocre response that does not appear to acknowledge the importance of complying with court orders. If it had been shown that the non-production was done intentionally and in violation of orders of the Court, then not only might the sizeable monetary sanction be appropriate but the default judgment sanction might also be available.

The undersigned did not find the deficient production to have been contemptuous, but at a

minimum the evidence shows a lack of commitment to fully comply with Court orders.

It is my recommendation that the question of what monetary sanctions over and above the attorney's fees be taken under advisement until the trial of this case at which time the trial judge would be in a better position to gauge the effect of defendant's non-compliance as well as what testimony plaintiff might be entitled to present in response to any claims of deficient analysis by plaintiff's forensic accountant and/or what instructions to the jury, if any, might be appropriate.

The undersigned does recommend that pursuant to Rule 37, Federal Rules of Civil Procedure, defendant be ordered to pay to plaintiff its reasonable attorney's fees incurred in connection with the issue relating to defendant's compliance with the April 5, 2016 Order. The undersigned finds the sum of $35,925.00 to be reasonable in that regard.

IT IS SO RECOMMENDED.

ENTERED this 28th day of May 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).